# **<u>EXHIBIT 1</u>**

 CT Corporation

**Service of Process Transmittal**
07/18/2018
CT Log Number 533718592

TO:     Sue Carlson
        Target Corporation
        1000 Nicollet Mall
        Minneapolis, MN 55403-2542

RE:     **Process Served in Massachusetts**

FOR:    Target Enterprise Inc  (Domestic State: MN)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gabrielle Carlson on behalf or herself and all Others Similarly Situated, Pltf. vs. Target Enterprise Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s) |
| **COURT/AGENCY:** | Worcester County Superior Court, Worcester County, MA Case # 1885CV0963A |
| **NATURE OF ACTION:** | CLASS ACTION - Proceeding Via Class Action is Superior and Advisable |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Boston, MA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/18/2018 at 13:15 |
| **JURISDICTION SERVED :** | Massachusetts |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days |
| **ATTORNEY(S) / SENDER(S):** | Sargel Lemberg Lemberg Law, LLC 43 Danbury Road Wilton, CT 06897 203-653-2250 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/19/2018, Expected Purge Date: 07/24/2018 Image SOP Email Notification,  Non Employee Litigation Target  gl.legal@target.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 155 Federal St Ste 700 Boston, MA 02110-1727 |
| **TELEPHONE:** | 617-757-6404 |

Page 1 of  1 / NP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

# Commonwealth of Massachusetts

Gabrielle Carlson, on behalf
of herself and all others
similarly situated_____, PLAINTIFF(S),

v.

Target Enterprise, Inc_____, DEFENDANT(S)

TRIAL COURT OF THE COMMONWEALTH
SUPERIOR COURT DEPARTMENT
CIVIL DOCKET NO. __1885CV00903A__

## SUMMONS

THIS SUMMONS IS DIRECTED TO __Target Enterprise, Inc__ _____. (Defendant's name)

You are being sued.  The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the __Worcester Superior__ Court. YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.

1.  You must respond to this lawsuit in writing within 20 days. If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story.  You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff.  If you need more time to respond, you may request an extension of time in writing from the Court.

2.  How to Respond.  To respond to this lawsuit, you must file a written response with the court and mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented).  You can do this by:

   a. Filing your signed original response with the Clerk's Office for Civil Business, __Worcester__ Court, 225 Main t., Worcester MA_____ (address), by mail or in person, AND

   b. Delivering or mailing a copy of your response to the Plaintiff's Attorney/Plaintiff at the following address: Lemberg Law, LLC 43 Danbury Rd., Wilton CT 06897_____.

3.  What to include in your response. An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as counterclaims) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must specifically request a jury trial in your Answer or in a written demand for a jury trial that you must send to the other side and file with the court no more than 10 days after sending your Answer. You can also respond to a Complaint by filing a "Motion to Dismiss," if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under Mass. R. Civ. P. 12. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at www.mass.gov/courts/case-legal-res/rules of court.

4.   Legal Assistance. You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

5.   Required information on all filings: The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon. Judith Fabricant, Chief Justice on _____, 20____. (SEAL)

_____
Clerk-Magistrate

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

## PROOF OF SERVICE OF PROCESS

        I hereby certify that on _____, 20____, I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4 (d)(1-5)):

_____

_____

_____

Dated: _____, 20____        Signature: _____

N.B.    TO PROCESS SERVER:

        PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX – BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

JUly 18, 2018

**A TRUE COPY ATTEST**

Process Server & Disinterested Person



## COMMONWEALTH OF MASSACHUSETTS
### County of Worcester
### The Superior Court

Gabrielle Carlson, *on behalf of herself and all others similarly situated*,

                Plaintiff,

        v.

Target Enterprise, Inc. ,

               Defendant.

Civil Docket #: 1885CV00408A

**RECEIVED**

**JUN 25 2018**

**CLERK OF COURTS**
**WORCESTER COUNTY**

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

For this Class Action Complaint, Plaintiff Gabrielle Carlson, by and through undersigned counsel, pleading on her own behalf and on behalf of all others similarly situated, states as follows:

### INTRODUCTION

1.    This action arises out of Defendant Target Enterprise, Inc. 's ("Target" or "Defendant") repeated violations of the Massachusetts Consumer Protection Act, M.G.L. c. 93A § 2, *et seq.* ("MCPA"), and Massachusetts Debt Collection Regulations, 940 CMR § 7.00, *et seq.* ("MDCR"), in its illegal efforts to collect consumer debts.

2.    In 2011, then-Massachusetts Attorney General Martha Coakley launched an investigation to bring Massachusetts debt collection practices "up-to-date . . . to be consistent with other state and federal agencies" and to "ensure that the playing field is level for both creditors and consumer so that all parties are better protected." *See*

http://www.mass.gov/ago/news-and-updates/press-releases/2012/2012-03-01-debt-collection-regulations.html (last visited June 15, 2018).

    3.    As a result of that investigation, Attorney General Coakley regulated it an "unfair or deceptive act or practice for a creditor" to "initiate a communication with any debtor via telephone, either in person or via text messaging or recorded audio message, in excess of two such communications in each seven-day period to either the debtor's residence, cellular telephone, or other telephone number provided by the debtor as his or her personal telephone number." 940 CMR § 7.04(1)(f) (emphases added).

    4.    The Attorney General has advised, and Massachusetts courts have now confirmed, that the regulation means debt collectors cannot place more than two collection calls per week to Massachusetts consumers, regardless of the outcome of the call. *See Watkins v. Glenn Assocs., Inc.*, No. 15-CV-3302-H, 2016 WL 3224784, at *3 (Mass. Super. Ct. June 10, 2016) ("Both the language of, and the intention behind, the Debt Collection law's prohibition on initiating more than two telephone communications with a debtor within a seven-day period are clear: to prevent the exact type of repetitive, aggressive, unwanted phone calls that occurred here."); *Roies-Medeiros v. Target Corporation, Inc. et al.*, No. 1573CV00689, at 7 n.4 (Mass. Super. Ct. March 31, 2017) ("Repeated unanswered phone calls to [plaintiff's] phone even in the absence of a message conveyed information to [plaintiff], i.e., that Target was very adamant and persistent about wanting to speak to her about her debt.").

    5.    In addition, on March 29, 2018, in a letter to the Massachusetts Supreme Judicial Court, the Office of the Attorney General confirmed its "view that a creditor violates Chapter 93A if it initiates more than two telephone calls to a debtor's home, cell, or personal telephone

number in a seven-day period, even if the creditor uses a predictive dialer or voluntarily chooses not to leave a message."[*]

6.      It is Defendant's practice to call Massachusetts consumers more than twice a week to attempt to collect debts.  Target placed more than two collection calls to Plaintiff Gabrielle Carlson ("Plaintiff") within one week, violating the express provisions of § 7.04(1)(f). Plaintiff seeks to represent all consumers similarly situated.  Plaintiff seeks injunctive relief to end Target's illegal practice, declaratory relief to make Target's violations known to the class, actual and statutory damages, as well as attorneys' fees and costs.

## PARTIES

7.      Plaintiff is an adult individual residing in Clinton, Worcester County, Commonwealth of Massachusetts, and is a "debtor" as defined by 940 C.M.R. § 7.03.

8.      Defendant is a Minnesota business entity with an address of 1010 Dale St N, Saint Paul, MN 55117–5603, and is a "creditor" as defined by 940 CMR § 7.03.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.  The Debt

9.      Plaintiff allegedly incurred a financial obligation (the "Debt") to Target.

10.     The Debt arose from services provided by Target which were primarily for family, personal or household purposes and which meet the definition of a "debt" under 940 CMR § 7.03.

11.     Defendant attempted to collect the Debt and, as such, initiated and engaged in "communications" as defined in 940 CMR § 7.03.

---

[*] A copy of the Commonwealth of Massachusetts Office of the Attorney General's March 29, 2018 letter is attached hereto as Exhibit A.

3

**B.  Defendant Engages in Unfair Business Practices**

12.     In or around March 2018, Target began calling Plaintiff's cellular telephone in an attempt to collect the Debt.

13.     Target called Plaintiff's cell phone at number 978-XXX-0949.

14.     Target called Plaintiff from telephone number 612-815-5881.

15.     Target called Plaintiff at an excessive and harassing rate, placing more than two calls per week.  For example, Target called Plaintiff at least six (6) times between March 31, 2018 and April 6, 2018.

16.     Each time Target called Plaintiff's cellular telephone, it declined to leave a voicemail message on Plaintiff's cellular telephone, despite having the ability to do so.

**C.  Plaintiff Suffered Actual Damages and Injury**

17.     Plaintiff suffered actual damages as a result of Defendant's unlawful conduct.

18.     As a direct consequence of Defendant's acts, practices and conduct, Plaintiff suffered anger, anxiety, emotional distress, fear, frustration and embarrassment.

19.     Defendant's repeated calls were distracting and inconveniencing to Plaintiff and an invasion of her personal privacy.

20.     Defendant's repeated calls wasted Plaintiff's time and energy spent tending to Defendant's calls.

**D.  Plaintiff's Written Pre-Suit Demand**

21.     On April 18, 2018, Plaintiff, through counsel, sent Defendant a written pre-suit demand describing her claims under M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) against Defendant.

4

## CLASS ACTION ALLEGATIONS

### A. The Class

22.     Plaintiff brings this case as a class action pursuant to M.G.L. c. 93A, § 9(2) and Rule 23 of the Massachusetts Rules of Civil Procedure.

23.     Plaintiff seeks to represent the following class (the "Class"):

> **All consumers residing in the Commonwealth of Massachusetts who, within four years prior to the filing of this action, received in excess of two telephone calls regarding a debt from Target within a seven-day period to their residence, cellular telephone, or other provided telephone number.**

### B. Numerosity

24.     As its regular business practice, Defendant hounds Massachusetts consumers with numerous debt collection calls per week.  Class members are believed to be so numerous that joinder of all members is impractical.

25.     The exact number and identities of class members are unknown at this time and can only be ascertained through discovery.  Identification of the class members is a matter capable of ministerial determination from Defendant's records.

26.     Plaintiff reasonably believes that there are thousands of Massachusetts consumers who are members of the Class.

### C. Common Questions of Law and Fact

27.     There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

28.     The following questions of law and fact common to the class members are ripe for determination and are raised herein:

> a.   Whether Defendant violated M.G.L. c. 93A § 2 and 940 CMR § 7.04(1)(f) by placing in excess of two debt collection calls per debt per seven-day period;

b. Whether Defendant willfully and knowingly placed in excess of two debt collection calls per debt per seven-day period.

## D. Typicality

29. Plaintiff's claims are typical of the claims of the class members, since each of the claims arises from receiving in excess of two debt collection calls within a seven-day period.

## E. Protecting the Interests of Class Members

30. Plaintiff will fairly and adequately represent the interests of class members, all of whom are victims of Defendant's unlawful conduct.

31. All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

32. Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the Class.

## F. Proceeding Via Class Action is Superior and Advisable

33. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

34. Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

35. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with

6

respect to individual class members would be dispositive of the interest of all other class members.

37. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiffs and the other class members.

## COUNT I
## VIOLATIONS OF THE MCPA, M.G.L. c. 93A, § 2,
## AND MDCR, 940 CMR § 7.04(1)(f)

38. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

39. Defendant initiated communication via telephone in excess of two times within a seven-day period regarding a Debt to Plaintiff's cellular telephone, in violation of 940 CMR § 7.04(1)(f).

40. Defendant's failure to comply with 940 CMR § 7.04(1)(f) constitutes an unfair or deceptive act in violation of M.G.L. c. 93A § 2.

41. Defendant willfully or knowingly violated 940 CMR § 7.04(1)(f), and as such, Plaintiff is entitled to double or treble damages plus reasonable attorney's fees and costs.

42. Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek equitable relief in the form of an injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone.

43. Pursuant to M.G.L. c. 93A, § 9, Plaintiff is entitled to and does seek declaratory relief such that:

- Defendant knowingly and willfully violated M.G.L. c. 93A c. 93A, § 2 and 940 CMR § 7.04(1)(f) as to Plaintiff and the class; and

- It has been Defendant's practice and history to place in excess of two debt collection telephone calls within seven days to Massachusetts consumers.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment in favor of Plaintiff and the Class and against Defendant, as follows:

A)   An injunction preventing Defendant from placing in excess of two collection calls within any seven days to any Massachusetts consumers' telephone;

B)   Declaratory relief as prayed herein;

C)   Awarding actual damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

D)   Awarding statutory damages as provided under the MCPA, pursuant to M.G.L. c. 93A § 9, including treble damages for Defendant's willful conduct;

E)   Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to M.G.L. c. 93A § 9;

F)   Granting such other and further relief this Court deems just and appropriate.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: June 20, 2018

PLAINTIFF,
GABRIELLE CARLSON

By Plaintiff's attorneys,

LEMBERG LAW, LLC

Sergei Lemberg (BBO# 650671)
slemberg@lemberglaw.com
LEMBERG LAW, LLC
43 Danbury Road

8

Wilton, CT 06897
T: (203) 653-2250
F: (203) 653-3424

# EXHIBIT A



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
### ONE ASHBURTON PLACE
### BOSTON, MASSACHUSETTS 02108

MAURA HEALEY
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

March 29, 2018

**VIA HAND AND ELECTRONIC DELIVERY**

Francis V. Kenneally, Clerk
Supreme Judicial Court for the Commonwealth
John Adams Courthouse
One Pemberton Square – Suite 1400
Boston, MA 02108-1724

RE:  *Debra Armata v. Target Corporation & another*, SJC-12448

Dear Mr. Kenneally:

The Attorney General respectfully asks the Court's leave to submit this late post-argument *amicus* letter in this matter of *Debra Armata v. Target Corporation & another*, SJC-12448. Having reviewed a recording of the oral argument, undersigned counsel belatedly became aware that the Court had questions regarding the Attorney General's position on the issues presented. In the hope of aiding the Court's consideration of the issues, the Attorney General submits this letter to make clear her view that a creditor violates Chapter 93A if it initiates more than two telephone calls to a debtor's home, cell, or personal telephone number in a seven-day period, even if the creditor uses a predictive dialer or voluntarily chooses not to leave a message.

This case concerns the Attorney General's revised Debt Collection Regulations issued in 2012. See 940 CMR 7.01–7.10 (2012); *Purity Supreme, Inc.* v. *Attorney Gen.*, 380 Mass. 762, 775 (1980) (Attorney General may issue regulations specifying acts and practices that violate Chapter 93A). In 2013, in response to inquiries from members of the public, the Attorney General published guidance interpreting the revised regulations. See Office of the Attorney General, Guidance with Respect to Debt Collection Regulations (2013) ("AGO Guidance"); G.L. c. 30A, § 8; *Arthurs* v. *Bd. of Reg. in Med.*, 383 Mass. 299, 313 n.26 (1981). The Attorney General's interpretation of her own regulations is entitled to "substantial deference." *Holden* v. *Wachusett Reg. Sch. Dist. Comm.*, 445 Mass. 656, 667 (2005); see *Purity*, 380 Mass. at 771 ("The Attorney General's office is an 'agency' under G.L. c. 30A, § 1(2)," whose "regulations are to be treated the same as those of any other agency of the State").

Under the regulation and accompanying guidance, neither use of a predictive dialer nor declining to leave a message exempts a creditor from the prohibition in 940 CMR 7.04(1)(f) on initiating more than two communications via telephone to a debtor's home, cell, or personal

telephone number in a seven-day period. See AGO Guidance, at 1 (describing prohibition). A communication under the revised Debt Collection Regulations is defined in relevant part as "conveying information, directly or indirectly," to a debtor.[1] A creditor that repeatedly calls a debtor, and then hangs up, is indirectly conveying to the debtor that the creditor seeks payment.

The prohibition on initiating more than two communications via telephone contains no exception for telephone calls initiated by an automatic dialing device; the subordinate clause, "either in person or via text messaging or recorded audio message," is solely intended to clarify that the regulation does encompass situations where a telephone is used to convey information. Compare *Wilson v. Transworld Systems, Inc.*, No. ESCV2011-00400, 2013 WL 9932964, at *10-11 & n.20 (Mass. Super. Ct. May 21, 2013) (prior version of regulation interpreted to cover telephone calls only where the creditor "engag[ed]" the debtor and conveyed information orally). And the Attorney General has consistently interpreted 940 CMR 7.04(1)(f) to apply to telephone calls where a creditor voluntarily chooses not to leave a message. AGO Guidance, at 1 (only telephone calls where the creditor is "truly unable" to leave a message are exempted); Assurance of Discontinuance, *In re Ditech Financial LLC*, No. 16-2437E (Mass. Super. Ct. Aug. 4, 2016) (resolving with payment of $1.4 million dollars and other relief case involving Attorney General's allegations, among others, that mortgage servicer violated 940 CMR 7.04(1)(f) where the company's collectors often called borrowers "over 4 times within a day" because the company "did not consider outgoing calls where its collectors decided not to leave a message" to constitute covered communications), attached hereto as Exhibit A. Compare *Wilson*, supra (holding that unanswered telephone calls were not covered by prior version of regulation).

The Attorney General therefore respectfully submits that the Court should hold that 940 CMR 7.04(1)(f) prohibits a creditor from initiating more than two telephone calls to a debtor's home, cell, or personal telephone number in a seven-day period, except in circumstances where the creditor is truly unable to leave a message.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

By: _____
Benjamin Golden (BBO #686119)
Assistant Attorney General
Max Weinstein (BBO #600982)
Chief, Consumer Protection Division

cc:   Counsel of record for all parties

---

[1] The definition of "Communication" excludes "nonidentifying communications," which are defined as "any communication[s] with any person *other than the debtor* in which the creditor does not convey any information except the name of the creditor and in which the creditor makes no inquiry other than to determine a convenient time and place to contact the debtor." 940 CMR 7.01 (emphasis added).

2

# EXHIBIT A

## COMMONWEALTH OF MASSACHUSETTS

**SUFFOLK, ss.**

**SUPERIOR COURT
DEPARTMENT OF THE TRIAL COURT
CIVIL ACTION NO. 16-2437 E**

---

### In re Ditech Financial LLC

---

### ASSURANCE OF DISCONTINUANCE
### *PURSUANT TO G.L. c. 93A, § 5*

Pursuant to the Massachusetts Consumer Protection Act, G.L. c. 93A, § 6, the Commonwealth of Massachusetts, by and through the Office of Attorney General Maura Healey (hereinafter "the Attorney General"), conducted an investigation of the Debt collection practices of Ditech Financial LLC, formerly known as Green Tree Mortgaging Servicing LLC (hereinafter "Ditech"). To resolve the investigation and in lieu of the Attorney General commencing suit under G.L. c. 93A, § 4, for alleged violations of G.L. c. 93A, § 2, Ditech and the Attorney General hereby enter into this Assurance of Discontinuance (hereinafter the "Assurance") pursuant to G.L. c. 93A, § 5. Ditech and the Commonwealth shall sometimes hereinafter be referred to as the "Parties."

### I.     JURISDICTION

1.  The Parties hereto acknowledge the Superior Court of the Commonwealth of Massachusetts has personal jurisdiction over Ditech and subject matter jurisdiction over the Assurance, and shall retain such jurisdiction. This Assurance shall be construed with and governed by the laws of the Commonwealth of Massachusetts.

1

## II.   PARTIES

2.   The Commonwealth of Massachusetts is represented by the Office of the Attorney General.

3.   Ditech means and refers to Ditech Financial Services LLC and its successors and assigns. For the purpose of this assurance, an "assign" means a person who purchases all or substantially all of the assets of Ditech or of Ditech's division(s) or major business unit(s) that are engaged in the business of servicing residential mortgage loans.

4.   Ditech is a limited liability company organized under the laws of Delaware, with a principal place of business at 3000 Bayport Drive, Suite 880, Tampa, Florida 33607. On August 31, 2015, Ditech Mortgage Corp. merged into Green Tree Servicing LLC, and Green Tree Servicing LLC then changed its name to Ditech Financial LLC. Ditech is a continuation of Green Tree Servicing LLC and Ditech remains responsible for any obligations and liabilities of Green Tree Servicing LLC. At all times relevant, Ditech, including when it did business as Green Tree Servicing LLC, engaged in the business of servicing and collecting upon residential mortgage loans in Massachusetts.

## III.   DEFINED TERMS

5.   "Communication" or "Communicating" means conveying information directly or indirectly to any person through any medium excluding non-identifying communications. "Communication" shall include speaking with the Borrower, leaving a voicemail message for the Borrower, or any communication attempt where a Creditor has the opportunity to leave a voicemail message for the Borrower.

6.   "Covered Conduct" means Ditech's compliance with 940 C.M.R. 7.04 and 940 C.M.R. 7.08.

2

7.  "Creditor" has the meaning set forth in 940 C.M.R. 7.03.

8.  "Debt" has the meaning set forth in 940 C.M.R. 7.03.

9.  "Debtor" or "Borrower" has the meaning set forth in 940 C.M.R. 7.03.

## IV.    STATEMENT OF ALLEGATIONS

10. The Commonwealth makes the following allegations contained in Paragraphs 11-17, below, which allegations Ditech neither admits nor denies.

11. Ditech is a servicer of residential mortgage loans in Massachusetts and throughout the country. As a mortgage servicer, Ditech is responsible for all aspects of residential mortgage servicing, including creating and sending monthly statements, collecting and processing payments, processing property tax payments and, in some cases, initiating foreclosure proceedings. Ditech's mortgage servicing portfolio expanded significantly since 2012, with Ditech acquiring the servicing rights for more than a million residential mortgage accounts from other servicers.

12. From 2012 to the present, Ditech serviced thousands of mortgage accounts in Massachusetts, including over 5,000 accounts that became more than 30-days delinquent. Ditech's servicing and collection conduct for these accounts were subject to the requirements of 940 C.M.R. 7.00, *et seq.* The Commonwealth alleges that Ditech failed to comply with Massachusetts law restricting the number of times Creditors are permitted to contact Debtors (940 C.M.R. 7.04(f)). The Commonwealth further alleges that Ditech failed to provide notice to Debtors of their right to seek validation of the Debts being collected upon (940 C.M.R. 7.08(1)).

*Debt Collection Calls*

13. For thousands of accounts, Ditech exceeded the limits set by the Attorney General regulation 940 C.M.R. 7.04(f), which prevents Creditors from initiating more than two

3

Communications in a seven day or thirty day period, depending on the type of the phone number at issue.

14. Ditech did not consider outgoing calls where its collectors decided not to leave a message as a "Communication" regulated by 940 C.M.R. 7.04(f). As a result, Ditech's collectors often Communicated with Borrowers over four times within a day at multiple numbers. In some cases, Ditech increased the number of Communications made to Borrowers as the end of the month approached in order to satisfy Ditech's delinquency goals.

15. The Commonwealth alleges that the natural consequence of Ditech's high-volume of calls to Borrowers, Borrower's associated third parties, and other telephone numbers associated with Borrower accounts in violation of 7.04(f) was to harass the Borrower, and as such constitutes an unfair business practice in violation of G.L. c. 93A, § 2.

*Debt Validation Notice*

16. Ditech failed to comply with 940 C.M.R. 7.08(1), which requires that Creditors provide to Debtors within five business days after the initial Communication made in connection with the collection of a Debt, notice of:

    (a) The amount of the Debt;

    (b) The name of the Creditor to whom the Debt is owed;

    (c) A statement that unless the Debtor, within 30 days after receipt of the notice, disputes the validity of the Debt, or any portion thereof, the Debt will be assumed to be valid by the Creditor; and

    (d) A statement that if the Debtor notifies the Creditor in writing within 30 days after receipt of this notice that the Debt, or any portion thereof is disputed, the

4

Creditor will obtain verification of the Debt and provide the Debtor, or an attorney for the Debtor, additional materials described in 940 C.M.R. 7.08(2).

17. Specifically, Ditech failed to provide, or provided late, the notice required under 940 C.M.R. 7.08(1) to over 5,000 Borrower accounts that became over 30-days delinquent after Ditech acquired rights to service the accounts. In many cases, Ditech continued collecting on these accounts and, in some cases, conducted foreclosures without providing timely notice required under 940 C.M.R. 7.08.

## V.    MONETARY PROVISIONS

18. Within three business days after the execution of this Assurance, Ditech shall, pursuant to G.L. c. 93A § 5, pay to the Commonwealth a total of $1,400,000. At her sole discretion, and so long as permitted by law, the Attorney General shall distribute this payment, in any amount, allocation or apportionment: (a) for the Attorney General's facilitation of the relief under this Assurance; and/or (b) to the General Fund of the Commonwealth of Massachusetts; and/or (c) to the Local Consumer Aid Fund established pursuant to G.L. c. 12, § 11G; and/or (d) for programs or initiatives designed to address the negative effects of unfair or deceptive practices related to foreclosure, Debt collection or consumer financial products in Massachusetts.

19. Unless otherwise directed by the Attorney General, this payment shall be made by wire transfer or certified check, made payable to the "Commonwealth of Massachusetts," and shall be delivered to Justin J. Lowe and Lisa R. Dyen, Assistant Attorneys General, Consumer Protection Division, Office of the Massachusetts Attorney General, One Ashburton Place, 18th Floor, Boston, MA 02108.

## VI.    DISCONTINUANCE OF CERTAIN BUSINESS PRACTICES

20. Ditech hereby agrees to the following:

*Debt Collection Calls*

21. Ditech shall not place collection calls in excess of the limits prescribed by 940 C.M.R. 7.04(f). Specifically:

(a) Ditech shall initiate no more than two Communications in any seven-day period to a Borrower's residence, cellular telephone, or other telephone number provided by the Borrower;

(b) Ditech shall initiate no more than two Communications in any 30-day period to a number other than at the Borrower's residence, cellular telephone or other telephone number.

22. Where the Borrower requests that Ditech place an outgoing call or make any other Communication attempt, and where such a request is contemporaneously documented by Ditech in its system of record, nothing in this Assurance shall be interpreted so as to prevent Ditech from initiating the requested Communication. This exception specifically includes situations where the Borrower is applying for a loan modification or other loss mitigation assistance, where the Borrower consents to additional phone calls to assist in completing an application or for any other loss mitigation purpose (i.e. gathering sufficient documents to complete an application package). In such cases, Ditech may initiate additional calls for the sole purpose of furthering the loss mitigation assistance but must limit such additional calls to those purposes and time periods to which the Borrower expressly consented.

23. Training: Ditech shall complete in-person training with all Ditech collectors who place calls to Massachusetts residents regarding the requirements of this Assurance and ensure that Ditech's policies and procedural requirements comply therewith.

24. Quality Control: Ditech shall implement an automated quality control system that prevents collectors from placing outgoing Debt collection calls in excess of the limit as defined by 940 C.M.R. 7.04(f) and detailed in paragraphs 21 and 22 except where a Borrower has expressly consented to receiving additional calls.

25. Ditech shall, on a biannual basis (every six months), conduct a random review of a statistically significant sample of its telephone call records to ensure that its call practices are in compliance with the terms of this Assurance.

26. Ditech shall retain a record of all written notices, written reports, or written complaints it receives from Massachusetts consumers or from Ditech employees complaining of conduct in violation of the terms of this Assurance, and 940 C.M.R. 7.04(f) and 7.08(1), including any written notices, written reports, and written complaints of calls in excess of the call limits set forth herein.

*Debt Validation Notices*

27. Going forward, Ditech shall provide notice to Borrowers of their right to seek validation of Debt as required by 940 C.M.R. 7.08(1) ("Debt Validation Notice").

28. For Borrowers who did not receive a timely Debt Validation Notice, Ditech shall complete the following, if it has not already so acted:

(a) Accounts More than 30 Days Delinquent, In Active Foreclosure and Charged-Off: For Borrowers more than 30 days delinquent, in active foreclosure, and/or whose accounts were charged-off, Ditech shall refrain from any further collection or

foreclosure activity until 30 days after it issues a Debt Validation Notice to the Borrower, and until it has validated the Debt for any Borrowers who request validation.

(b) Completed Foreclosure: For any Borrower accounts where Ditech failed to timely issue a Debt Validation Notice but completed a foreclosure, Ditech shall certify in writing to the Attorney General that it issued a Debt Validation Notice prior to completing the foreclosure.

## VII.   COMPLIANCE REPORTING

29. For two years from the date of execution of this Assurance, Ditech shall provide written reports to the Attorney General on a biannual basis (every six months) that:

(a) Reports the results of Ditech's review of its telephone call records relating to compliance with the call volume limits specified in this Assurance as set forth in Paragraphs 21 and 22, above.

(b) Includes copies of any notice, reports, or written complaints it receives from Massachusetts consumers or Ditech employees related to alleged violations of Massachusetts Debt collection law, as set forth in Paragraph 26 above.

(c) A summary of Ditech's conduct undertaken pursuant to Paragraph 28, above, including the name, telephone number and address of the Borrowers to whom Ditech issued Debt Validation Notices, whether the Borrower requested validation of Debt, the outcome of Ditech's efforts to validate the Debt, and the status of the account (e.g. whether collection or foreclosure efforts are continuing or suspended pending issuance of the Debt validation notice or validation of Debt).

## VIII.   NOTICES

30. For the purposes of this Assurance Ditech shall, unless otherwise directed in writing by the Commonwealth's authorized representatives, send by overnight courier all reports and notifications required by this Assurance to the following;

> Justin J. Lowe and Lisa Dyen
> Office of the Attorney General
> Consumer Protection Division
> One Ashburton Place, 18th Floor
> Boston, Massachusetts 02108

or as subsequently directed in writing by the Commonwealth. Provided that, in lieu of overnight courier, Ditech may send such reports or notifications by first-class mail, but only if Ditech contemporaneously sends an electronic version of such report or notification to the Commonwealth at;

> justin.lowe@state.ma.us and
> lisa.dyen@state.ma.us

or as subsequently directed in writing by the Commonwealth.

31. For purposes of the compliance reporting and monitoring required by this Assurance, the Commonwealth is authorized to communicate directly with Ditech through its legal counsel and identified the name and contact information for said counsel. All communications to Ditech related to this Assurance should be sent to:

> Brent R. Lindahl
> Ditech Financial LLC
> 345 St. Peter Street
> Suite 1400
> St. Paul, MN

## IX.   RECORDKEEPING

32. For three years from the date of execution of this Assurance, Ditech is required to create and retain the following records:

(a) All communications sent to and received from Borrowers relating to the
validation of Debt as referenced in 940 C.M.R. 7.08(1);

(b) All telephone call records and reports relating to compliance with 940 C.M.R.
7.04(f) and the limits on the permissible number of calls set forth therein.

33. Upon written request by the Attorney General, Ditech shall produce the
documents set forth above, and all non-privileged documents related to Ditech's compliance with
this Assurance.

## X.    RELEASE AND COOPERATION

34. The Attorney General fully and finally releases Ditech Financial LLC, its
successors and assigns from any and all civil liability arising out of the Covered Conduct
occurring prior to the execution of this Assurance.

35. Ditech shall fully cooperate with the Attorney General in the implementation of
this Assurance. Upon execution of this Assurance, Ditech will have no continuing obligation to
provide documents or information to the Attorney General pursuant to CID 2014-CPD-34, issued
August 25, 2014, and Supplemental CID (Set One), issued April 12, 2016.

## XI.    GENERAL PROVISIONS

36. This Assurance shall be governed by and interpreted in accordance with the laws
of the Commonwealth of Massachusetts, and the Superior Court of the Commonwealth shall
retain jurisdiction over this Assurance.

37. This Assurance constitutes the entire agreement between the Commonwealth and
Ditech and supersedes any prior communication, understanding, or agreements, whether written
or oral, concerning the subject matter of this Assurance, including the March 8, 2016 Tolling
Agreement, which shall be terminated upon entry of this Assurance.

10

38. This Assurance can be amended or supplemented only by a written document signed by all parties or by court order. Amendments or supplements may be executed in separate counterparts, with signatures conveyed by mail or by facsimile, electronic mail, or other electronic means.

39. It is the intent of the Parties that Ditech's conduct shall be governed by the same law applying to all Creditors in Massachusetts. Accordingly, if, at any time, the regulations at issue herein (940 C.M.R. §§ 7.04(f) and 7.08(1)) are amended, repealed or otherwise modified so as to require lesser conduct than what is required by this Assurance, the Parties shall, in good faith, amend the Assurance to reflect such a change.

40. This Assurance does not resolve, settle or otherwise affect any actual or potential claims against Ditech by third parties.

41. Ditech waives all rights to appeal or otherwise challenge or contest the validity of this Assurance.

42. Ditech shall not argue that because of this Assurance it is entitled to any offset or reduction of any compensatory monetary remedies imposed in any related consumer or government action.

43. This Assurance may be signed in multiple counterparts, each of which will be considered an original and all of which, when considered together, will constitute a whole. This Assurance will be effective upon its execution by all parties hereto and shall thereafter be filed by the Attorney General in the Superior Court for Suffolk County, Commonwealth of Massachusetts.

44. Signatories for Ditech Financial LLC represent and warrant that they have the full legal power, capacity, and authority to bind Ditech Financial LLC.

45. By signing below, Ditech agrees to comply with all of the terms of this

Assurance.

DATED:   8/4/16

Office of the Massachusetts Attorney
General, Maura Healey

By: _____
Justin J. Lowe (BBO # 624857)
Lisa R. Dyen (BBO # 676264)
Assistant Attorneys General
Consumer Protection Division

Ditech Financial LLC

By: _____
Patricia Hobbib
Senior Vice President and General Counsel

12

| CIVIL ACTION COVER SHEET | DOCKET NUMBER 1885CV00903A | Trial Court of Massachusetts The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Gabrielle Carlson, on behalf of herself and all others similarly situated

**ADDRESS:** 8 Ledge Ct, Apt 2, Clinton, MA 01510

**COUNTY** Worcester

**DEFENDANT(S):** Target Enterprise, Inc.,

**ATTORNEY:** Sergei Lemberg

**ADDRESS:** Lemberg Law, LLC, 43 Danbury Road, 3rd Floor

Wilton, Connecticut 06897

**ADDRESS:** 61010 Dale St N, St Paul, MN 55117-5603

**BBO:** 650671

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

**CODE NO.** B99

**TYPE OF ACTION (specify)** M.G.L. c. 93A § 2, et seq

**TRACK** F

**HAS A JURY CLAIM BEEN MADE?** ☒ YES ☐ NO

**\*If "Other" please describe:** VIOLATIONS OF THE MASSACHUSETTS CONSUMER PROTECTION ACT

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses ........................................................................... $ _____
   2. Total doctor expenses ............................................................................. $ _____
   3. Total chiropractic expenses ..................................................................... $ _____
   4. Total physical therapy expenses .............................................................. $ _____
   5. Total other expenses (describe below) ..................................................... $ _____
                                                                          Subtotal (A): $ _____
B. Documented lost wages and compensation to date ....................................... $ _____
C. Documented property damages to date ........................................................ $ _____
D. Reasonably anticipated future medical and hospital expenses ........................ $ _____
E. Reasonably anticipated lost wages .............................................................. $ _____
F. Other documented items of damages (describe below) .................................. $ _____

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**TOTAL (A-F):$** _____

RECEIVED
JUN 25 2018
CLERK OF COURTS
WORCESTER COUNTY

### CONTRACT CLAIMS
(attach additional sheets as necessary)

Provide a detailed description of claims(s):

**TOTAL: $** 25000

**Signature of Attorney/Pro Se Plaintiff: X**   **Date:** 08/20/2018

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X**   **Date:** 06/20/2018

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action Involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action Involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action Involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus action (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c.231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action Involving an Incarcerated Party | (A) |
| PB1 Tortious Action Involving an Incarcerated Party | (A) |
| PC1 Real Property Action Involving an Incarcerated Party | (F) |
| PD1 Equity Action Involving an Incarcerated Party | (F) |
| PE1 Administrative Action Involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical / Wrongful Death | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death, G.L. c.229 §2A | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10 §28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c.249 §4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93 §9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93 §8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149 §§29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12 §11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123 §9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c.265 §56 | (X) |
| E95 Forfeiture, G.L. c.94C §47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231 §60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A §12 | (X) |
| E14 SDP Petition, G.L. c. 123A §9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c.6 §178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112 §12S | (X) |

### TRANSFER YOUR SELECTION TO THE FACE SHEET

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF** - The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or pro se party.

**DUTY OF THE DEFENDANT** - If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER (STANDING ORDER 1-88) | DOCKET NUMBER 1885CV00963 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Gabrielle Carlson vs. Target Enterprise, Inc. | Dennis P. McManus, Clerk of Courts |
|---|---|

| TO: Sergei Lemberg, Esq. Lemberg Law, LLC 43 Danbury Rd Wilton, CT 06897 | COURT NAME & ADDRESS Worcester County Superior Court 225 Main Street Worcester, MA 01608 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

#### STAGES OF LITIGATION                    DEADLINE

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 09/24/2018 | |
| Response to the complaint filed (also see MRCP 12) | | 10/24/2018 | |
| All motions under MRCP 12, 19, and 20 | 10/24/2018 | 11/23/2018 | 12/24/2018 |
| All motions under MRCP 15 | 10/24/2018 | 11/23/2018 | 12/24/2018 |
| All discovery requests and depositions served and non-expert despositions completed | 04/22/2019 | | |
| All motions under MRCP 56 | 05/22/2019 | 06/21/2019 | |
| Final pre-trial conference held and/or firm trial date set | | | 10/21/2019 |
| Case shall be resolved and judgment shall issue by | | | 06/25/2020 |

The final pre-trial deadline is not the scheduled date of the conference. You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to

| DATE ISSUED 06/26/2018 | ASSISTANT CLERK Joanne Herring | PHONE (508)831-2357 |
|---|---|---|

Date/Time Printed: 06-26-2018 13:57:52                    SCV026 11/2014

| CLERK'S NOTICE | DOCKET NUMBER<br><br>1885CV00963 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

| CASE NAME:<br>Gabrielle Carlson vs. Target Enterprise, Inc. | Dennis P. McManus, Clerk of Courts |
|---|---|

| TO:<br>Sergei Lemberg, Esq.<br>Lemberg Law, LLC<br>43 Danbury Rd<br>Wilton, CT 06897 | COURT NAME & ADDRESS<br>Worcester County Superior Court<br>225 Main Street<br>Worcester, MA 01608 |
|---|---|

You are hereby notified that on 06/26/2018 the following entry was made on the above referenced docket:

Endorsement on Motion for Special Process Server (DewSnap & Associates, LLC) (#3.0): ALLOWED
Notices mailed: 06/27/2018

Judge: Mulqueen, Hon. Jane E

| DATE ISSUED<br>06/27/2018 | ASSOCIATE JUSTICE/ ASSISTANT CLERK<br>Hon. Jane E Mulqueen | SESSION PHONE#<br>(508) 831-2357 |
|---|---|---|

Date/Time Printed: 06-27-2018 09:00:38

SCV018_X11 09/2016

#18-9003A

# COMMONWEALTH OF MASSACHUSETTS
## THE TRIAL COURT

Worcester County
Docket number:

**FILED**
JUN 25 2018
ATTEST: _Del Mh_ CLERK

### Motion to Appoint a Special Process Server
### Pursuant to Rule 4c of the M.R.C.P.

**Plaintiff(s):** Gabrielle Carlson, *on behalf or herself and all others similarly situated,*

v.

**Defendant(s):** Target Enterprise, Inc. ,

The undersigned moves to request that this honorable court appoint Dewsnap & Associates, LLC or its agents as special process servers in this matter under rule 4c of the Massachusetts Rules of Civil Procedure. We are not parties to this matter, nor do we have any interest in the outcome of this litigation. The above persons are qualified persons over the age of 18 and knowledgeable in the service of process.

| | |
|---|---|
| Attorney or requesting agent address: | Signed under the pains and penalties of perjury: |
| Sergei Lemberg, Esq.<br>Lemberg Law, LLC<br>43 Danbury Road<br>Wilton, CT 06897 | Sergei Lemberg, Esq.<br>Date: June 20, 2018 |

## ORDER OF THE COURT APPOINTING SPECIAL PROCESS SERVERS

Pursuant to rule 4c, it is ordered that Dewsnap & Associates, LLC or its agents thereof, are hereby appointed as special process servers for the above captioned case.

### ALLOWED

Mulqueen, J.    6-26-18
**Signature**

Justice of the Superior Court
**Title and date**

Asst Clerk

Notices Mailed 6/27/18