UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

| | |
|---|---|
| Gabrielle Carlson, on behalf of herself and all others similarly situated, | 4:18-cv-40139-TSH |
| Plaintiff, | |
| v. | |
| Target Enterprise, Inc., | |
| Defendant. | |

### DEFENDANT TARGET ENTERPRISE, INC.'S RESPONSE TO PRELIMINARY-APPROVAL MOTION REGARDING SETTLEMENT ADMINISTRATOR

Defendant Target Enterprise, Inc., respectfully files this response to the Motion for Preliminary Approval of Class Action Settlement (ECF Doc. 43). The motion leaves open the question, if the Court grants preliminary approval to the proposed class-action settlement, of who will administer the settlement. Target respectfully submits this response asking that the Court approve KCC Class Action Services, LLC, as the settlement administrator — and that the Court *not* appoint Class Experts Group, LLC.

### Response

The Parties settled this putative class action as the result of a mediation in December 2018. The Parties' attorneys have now spent nearly six months negotiating a

class-settlement agreement, which was filed as part of a preliminary-approval motion on June 14 after the Court twice extended the deadline.[1]

Throughout the settlement negotiations, from the very first draft of the settlement agreement, the Parties agreed that the settlement administrator must be "retained with the consent of both Parties." The attorneys haggled over numerous provisions in the draft settlement agreement, but there was never any dispute — not even any negotiation — over the point that the settlement administrator would be a firm that the Parties could agree on and were both comfortable with. Ms. Carlson's attorneys took the lead on identifying suitable candidates; after the mediation in December, Target's attorney discussed possible candidates, including KCC, with Ms. Carlson's attorneys.

On May 30, 2019, Ms. Carlson's attorney Stephen Taylor wrote to Target's attorney Brian Melendez, "We've gotten the attached estimate from Class Experts Group, LLC, and it is who we want to use. . . . Nothing against KCC (I'm using them right now in a TCPA matter we're moving from for preliminary approval) but this is who we would like to use here."[2] The bid that accompanied Mr. Taylor's email was dated April 25, 2019 — more than a month earlier — and came out at $116,929. This response attaches CEG's bid as Exhibit A. That bid is the only information that Ms. Carlson's attorneys provided to Target about CEG.

---

[1]*See* ECF Doc. 32 (setting deadline for preliminary-approval motion of April 15, 2019); ECF Doc. 38 (extending deadline to May 17); ECF Doc. 41 (granting motion to extend deadline to June 14).

[2]Email from Taylor to Melendez (5/30/19). The email itself is not attached, since the correspondence between Mr. Taylor and Mr. Melendez often included negotiation

Target's attorney insisted on getting at least one competing bid, and asked KCC for a bid, which came in at $56,101. This response attaches KCC's bid as Exhibit B.

But even though KCC's bid was less than half CEG's bid, Ms. Carlson's attorneys insisted on CEG as the settlement administrator. Since Target was uncomfortable with CEG, and Ms. Carlson's attorneys wouldn't agree to any other settlement administrator, the Parties rewrote the settlement agreement at the last minute to redefine the term "Settlement Administrator" as "the firm approved by the Court to issue Notice to the Settlement Class Members and to administer the settlement."[3]

I.  **Target recommends KCC as the settlement administrator.**

There are several good reasons for naming KCC as the settlement administrator: KCC is a nationally respected, experienced settlement administrator. Both sides' attorneys have worked with KCC on other class-action settlements. KCC outbid CEG by a dramatic amount.

A.  **KCC is a nationally respected, experienced settlement administrator.**

KCC's bid contains significant information about the firm. The bid notes that KCC has "experience administering more than 6,000 settlements,"[4] and "has administered or is currently administering TCPA settlements of all shapes and sizes, and

---

over material terms of the settlement, but the email is available if there is any question about its content.

[3] Doc. 44-1, ¶ II(30) at 8.

[4] Ex. B at 2.

is therefore fully versed in the wide range of administrative issues that can arise in these matters."[5] KCC's bid lists 53 such telephone-consumer-protection cases.

KCC's bid also explains that "[o]ur domestic infrastructure, the largest in the industry, includes a 1,200-seat call center and document production capabilities that handle hundreds of millions of documents annually. Last year, our disbursement services team distributed $500 billion to payeres in the form of 29 million checks and 11 million electronic transfers."[6]

### B. Both sides' attorneys have worked with KCC on other class-action settlements.

Ms. Carlson's attorney Stephen Taylor wrote that "I'm using [KCC] right now in a TCPA matter."[7] Target's attorney has also worked with KCC on a class-action settlement.

### C. KCC outbid CEG by a dramatic amount.

KCC's bid ($56,101) came in dramatically lower than CEG's bid ($116,929) — a difference of $60,828. CEG's bid was over 208 percent of KCC's bid.

## II. Target is very uncomfortable with CEG as a settlement administrator.

Compared to KCC, CEG is practically a ghost. It has almost no web presence — a website that consists of three tabs, labeled "Home," "Services," and "Contact." The

---

[5]*Id.* at 1.

[6]*Id.* at 3.

[7]Email from Taylor to Melendez (5/30/19).

website contains some puffery, and a few generic stock photos, but very little substantive content: the entire website contains less than 500 words. This response attaches the entire content of CEG's website as Exhibit C.[8]

CEG's bid offers no more information about the firm or its capabilities or experience. The two-page bid consists almost entirely of CEG's calculation of the cost of settlement administration.

Target's attorney Brian Melendez queried the 189 active litigators in his law firm, and none had any experience with CEG. Two of the more experienced class-action litigators commented that they had never even heard of CEG.

Nevertheless, some information about CEG is available, and that information makes Target very uncomfortable with CEG as a settlement administrator.

### A.     CEG is primarily a plaintiffs'-side expert-witness service that moonlights as a settlement administrator.

As its name — Class Experts Group — implies, CEG is not primarily a class-action administrator; it is primarily an expert-witness service. And as its name implies, CEG is not a defense-side service; it is a service for *class* experts, meaning experts for attorneys representing plaintiffs who seek class certification. The website's short list of services says right up front that "CEG's team has supported class action attorneys."[9] CEG is not neutral, but has a strong plaintiffs'-side bias, and little incentive to maintain strong relationships with defense lawyers.

---

[8] *Online at* https://classexpertsgroup.com/ (accessed June 18, 2019).

[9] Ex. C at 3.

B. **CEG's principal Anya Verkhovskaya is adverse to Target in two pending lawsuits, and Target recently moved to disqualify her as an expert witness.**

CEG's president is Anya Verkhovskaya, a prominent expert witness in cases under the Telephone Consumer Protection Act. This response attaches Ms. Verkhovskaya's LinkedIn profile as Exhibit D.[10] She has recently testified against Target in two putative class actions pending in the U.S. District Court for the District of Minnesota.[11] Target moved to disqualify her in one of those cases. This response attaches Target's memorandum in support of that motion as Exhibit E.[12]

C. **The relationship between CEG and Ms. Carlson's attorneys raises multiple red flags.**

The relationship between CEG and Ms. Carlson's attorneys raises multiple red flags that make Target uncomfortable with CEG as a settlement administrator:

- Despite agreeing to take the lead in identifying suitable candidates for settlement administrator, Ms. Carlson's attorneys identified only one candidate: CEG.

- Ms. Carlson's attorneys got CEG's bid on April 25, but sat on it for over a month before sharing it with Target's attorney on May 30.

---

[10]*Online at* https://www.linkedin.com/in/anyaverkhovskaya/ (accessed June 18, 2019).

[11]*Garcia v. Target Corp.*, No. 0:16-cv-02574-MJD-BRT, ECF Doc. 101-12 (D. Minn., document filed Sept. 27, 2018); *Diaz-Lebel v. TD Bank USA, N.A.*, No. 0:17-cv-05110-MJD-BRT, ECF Doc. 286-9 (D. Minn., document filed Sept. 27, 2018).

- Ms. Carlson's attorneys would not even ask for a bid from KCC or any other competitor.
- When Target obtained a bid from KCC that underbid CEG by more than half, Ms. Carlson's attorneys still insisted on CEG as the settlement administrator.

These red flags make Target very uncomfortable with CEG.

### III. The settlement administrator should be a firm that both sides are comfortable with.

The settlement administrator should be a firm that both sides are comfortable with, not a patron or an auxiliary of either side.

KCC is not the only firm that Target would be comfortable with. Target would have preferred to see bids from more than two firms, and was under the impression until late May that Ms. Carlson's attorneys were gathering such bids. But Ms. Carlson's attorneys' eleventh-hour announcement that they wanted CEG as the only name on the ballot didn't allow time for a more robust search.

KCC is not the only firm that Target would be comfortable with, but Target is decidedly *un*comfortable with CEG. Target therefore asks, if the Court does not name KCC as the settlement administrator, that the Court reopen the bidding process with a view toward finding a suitable firm that is not partisan.

---

[12]The motion in the *Garcia* case was withdrawn pending an anticipated settlement. Target was also preparing a motion to exclude Ms. Verkhovskaya's opinion testimony in the *Diaz-Lebel* case, which is on hold pending an anticipated settlement.

**Conclusion**

All other things being equal, KCC should be named as the settlement administrator solely on the basis of cost alone. But all other things aren't equal — KCC also outshines CEG by every objective measure. Target has been willing to cooperate with Ms. Carlson's attorneys on reaching a settlement that is fair to all sides, but is not willing to let them run roughshod over the process that will distribute the settlement fund to over 40 thousand Target customers.

Therefore, Target respectfully asks that this Court name KCC as the settlement administrator. In the alternative, if the Court does not name KCC as the settlement administrator, then Target asks that the Court reopen the bidding process with a view toward finding a suitable settlement-administration firm that is not partisan.

June 20, 2019.

            BARNES & THORNBURG LLP

            /s/ Brian Melendez
            _____

            Brian Melendez, No. 0223633 (Minn.)
              (admitted pro hac vice)
            Suite 2800
            225 South Sixth Street
            Minneapolis, MN 55402-4662
            Ph. 612.367.8734
            Fax 612.333.6798
            brian.melendez@btlaw.com

                in association with

HINSHAW & CULBERTSON LLP
Jordan S. O'Donnell, BBO No. 684001
27th Floor
53 State Street
Boston, MA 02109
Ph. 617.213.7021
Fax 617.213.7000
JODonnell@hinshawlaw.com

Attorneys for Defendant
   Target Enterprise, Inc.

9

**Certificate of Service**

I hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the NEF (NEF) on June 20, 2019.

June 20, 2019.

BARNES & THORNBURG LLP

/s/ Brian Melendez

_____

Brian Melendez, No. 0223633 (Minn.)
   (admitted pro hac vice)
Suite 2800
225 South Sixth Street
Minneapolis, MN 55402-4662
Ph. 612.367.8734
Fax 612.333.6798
brian.melendez@btlaw.com

Attorney for Defendant
   Target Enterprise, Inc.