UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
**GABRIELLE CARLSON,**              )
Individually and on Behalf of all Others Similarly Situated, )
                        Plaintiffs, )
                                    )
            v.                      )   CIVIL ACTION
                                    )   NO. 18-40139-TSH
                                    )
                                    )
**TARGET ENTERPRISE, INC.,**        )
                        Defendant.  )
_____)

## ORDER AND MEMORANDUM OF DECISION GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT, ATTORNEYS' FEES AND EXPENSES, AND INCENTIVE AWARD TO THE NAMED PLAINTIFF

**March 23, 2020**

**HILLMAN, D.J.**

Before the Court is Plaintiff's Motion for Final Approval of Class Action Settlement (Document #53), as well as Plaintiff's Motion for Attorneys' Fees and Expenses and an Incentive Award to the Named Plaintiff (Document #51). This Court previously granted preliminary approval of the proposed settlement on June 26, 2019. A final approval hearing was held on January 9, 2020, where the Court heard the presentations of counsel and reviewed their submissions in support of the proposed settlement. For the reasons discussed herein, the Court **GRANTS** the Motion for Final Approval of Class Action Settlement. The Court partially **GRANTS** the Motion for Attorneys' Fees and Expenses and an Incentive Award to the Named Plaintiff in the amounts set forth in this Order.

## Settlement Approval

On June 25, 2018, Gabrielle Carlson ("Carlson"), filed a putative class action complaint against Target Enterprise, Inc. ("Target") (collectively, the "Parties") in Worcester Superior Court. Carlson alleged violations of Mass. Gen. Laws ch. 93A, § 2 (unfair and deceptive business practices) and Code of Mass. Reg. 940 CMR § 7.04(1)(f) (unfair and deceptive debt collection practices). Plaintiff claimed that Target placed more than two calls in a seven-day period to her and to a class of similarly situated Massachusetts residents.

On August 16, 2018, Target removed the case to U.S. District Court for the District of Massachusetts. Plaintiff later moved this Court to remand the matter back to Worcester Superior Court. However, this Court denied Plaintiff's remand motion. Plaintiff then filed an unsuccessful leave to appeal the denial of remand in the Court of Appeals for the First Circuit. *Carlson v. Target*, No. 18-8025 (1st Cir. Feb. 8, 2019).

On December 14, 2018, the Parties attended an all-day mediation session before the Honorable Stephen E. Neel (Ret.). The mediation process resulted in a settlement in principle to resolve this matter on a class-wide basis upon payment of $2,275,000.00. Following mediation, the Parties drafted a settlement agreement, which was submitted to the Court for approval. Plaintiff conditioned any settlement on confirmatory discovery. The confirmatory discovery was limited to written interrogatories and two depositions of Target employees. The depositions of both Target employees were conducted on the same day.

The Court preliminarily approved the settlement agreement on June 26, 2019 and a final approval hearing was held on January 9, 2020. At the final approval hearing the Court heard the presentations of counsel, reviewed their submissions, and considered the attorneys' fees, expenses, and incentive award application made by Plaintiff.

The Court, in its preliminary approval order, determined that the settlement was "fair, reasonable and adequate . . . ." (Order 2 ¶ 2, ECF No. 50.) After final hearing the Court sees no reason to modify its earlier conclusion and after analyzing the Rule 23(e)(2) and so-called *Grinnell* factors again, finds that the settlement is fair, reasonable and adequate to the class members. *Detroit v. Grinnell Corp.*, 495. F.2d 448, 463 (2d. Cir. 1994).

### **Attorneys' Fees**

Plaintiff's counsel requests an award of attorneys' fees and expenses in the amount of $758,333.33, representing approximately 33 1/3% of the total settlement fund. Attorneys in a certified class action may be awarded reasonable fees and costs, and district courts have "extremely broad" discretion when determining fee awards. *In re Thirteen Appeals Arising out of the San Juan Dupont Plaza Hotel Fire Litig.*, 56 F.3d 295, 309 (1st Cir. 1995). In the First Circuit, the percentage of fund methodology, where a percentage of the settlement is deducted from the common settlement fund and used to compensate the attorneys for their efforts, is favored and appropriate in common fund cases. *Id.* at 307. However, district courts may also calculate a fee award using either percentage of fund methodology or a lodestar when determining fee awards. *Id.* Regardless of the method used to calculate a fee award, the touchstone of the analysis is reasonableness. *In re Fidelity/Micron Sec. Litig. v. Fidelity Magellan Fund*, 167 F.3d 735, 738 (1st Cir. 1999).

Here, Plaintiff's counsel argues that the reasonableness of their fee request should be determined by applying a multi-factor analysis using the so-called *Goldberger* factors and cites *Harden*, a District Court of Massachusetts case, to support this proposition. *Harden Mfg. v. Pfizer, Inc (In re Neurontin Mktg. & Sales Practices Litig.)*, 58 F. Supp. 3d 167, 169 (D. Mass.

2014) (Citing *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). However, in *Harden*, class plaintiffs requested a fee award amounting to 33 1/3% of the settlement fund, yet the court reduced the fee award percentage and allowed a fee award of 28% of the settlement fund. *Id.* Significantly, the *Harden* court deviated downward from the requested fee award even after applying the *Goldberger* factors and finding that the case involved more than ten years of litigation, millions of dollars in expenses, and that plaintiff's counsel "achieved excellent results" and had a "great deal of experience." *Id.* at 171.

Similarly, in *Tyco*, also a contingent fee case, the court approved attorney's fees amounting to 14.5% of the total settlement fund. *In re Tyco Int'l, Ltd.*, 535 F. Supp. 2d 249, 274 (D.N.H. Dec. 19, 2007). The *Tyco* court determined that the complexity of the case, which took five years to resolve, included three different plaintiffs' firms working collaboratively, and involved 82.5 million pages of documents produced during discovery, all weighed in favor of the proposed fee award. *Id.* at 268.

In *Puerto Rican Cabotage*, also a contingent fee case, plaintiff's counsel requested a fee award amounting to 33% of the settlement fund. *In re Puerto Rican Cabotage Antitrust Litig.*, 815 F. Supp. 2d 448, 460 (D.P.R. Sept. 13, 2011). As in the present case, *Puerto Rican Cabotage* settled prior to the beginning of formal discovery. *Id.* at 474. The court held that the lack of discovery diminished the complexity and duration of the litigation and weighed heavily against a "generous" fee award of 33%. *Id.* at 459-460. Further, the court stated that attorney's fee awards close to 33% should be reserved for cases that proceed to trial or settle "on the eve of trial." *Id.* at 463. The court reduced the fee award to 23% of the settlement fund and performed a lodestar cross check, which yielded a lodestar multiplier of 1.08. *Id.* at 465. The court held that this low multiplier was a further indication of the reasonableness of the 23% fee award. *Id.* at 465-66.

Plaintiff's counsel's fee award request in this action is based on 570 attorney and professional staff hours. (Lemberg Decl. ¶ 17, ECF No. 51-2.) Plaintiff's counsel does not specify any time period for the work performed and is broken down as follows: (1) 187 hours expended by Sergei Lemberg, Esq. at an hourly rate of $650 yielding a total of $121,550; (2) 295 hours expended by Stephen Taylor, Esq. at an hourly rate of $550 yielding a total of $162,250; (3) 64 hours expended by Josh Markovits, Esq. at an hourly rate of $300 yielding a total of $19,200; and (4) 24 hours classified as "Paralegal Time" at an hourly rate of $125 yielding a total of $3,000. *Id.*

Plaintiffs counsel's claimed total actual hours and hourly rates result in a lodestar which represents approximately 13% of the total settlement fund. When fashioning a lodestar, courts may reduce the total actual hours if the case lacks complexity. *Foley v. City of Lowell*, 948 F.2d 10, 19 (1st Cir. 1991). Courts may also reduce or reject the total actual hours where the time records are "too generic . . . to permit a court to answer questions about excessiveness, redundancy, and the like." *Torres-Rivera v. O'Neill-Cancel*, 524 F.3d 331, 336 (1st Cir. 2008). "Bills which simply list a certain number of hours and lack such important specifics as dates and the nature of the work performed during the hour or hours in question should be refused." *Calhoun v. Acme Cleveland Corp.*, 801 F.2d 558, 560 (1st Cir. 1986).

Here, the relatively short time between the filing of the initial complaint and the negotiation of a settlement in principle, an approximately six month time span, is an indication of the lack of complexity of the case. Further, the Court notes that the case did not proceed to the formal discovery phase and finds this another indicator of the lack of complexity. In fact, discovery was limited to confirmatory discovery that included only two depositions, both occurring on the same day, and written interrogatories. Taken together, these factors weigh

against the reasonableness of the requested fee award and the Court rejects the 33 1/3% requested amount as unreasonable. Further, Plaintiff's counsel's failure to submit a full and specific accounting of the tasks performed by each attorney, the dates of performance, a breakdown of the number of hours spent on specific tasks; along with the overall lack of complexity of the case, all weigh in favor of a fee award that is less than Plaintiff's counsel's claimed lodestar in this action.

Accordingly, the Court **GRANTS** the fee award request but finds that an award of 23% of the total value of the settlement fund, 523,250.00, is just. The Court is mindful that Plaintiff's counsel took some risk by pursuing the litigation on a contingency basis. However, all cases involve some risk of an attorney not being compensated for their time and expenses. *Puerto Rican Cabotage*, 815 F. Supp. 2d at 460. The mere fact that there was some risk does not justify a fee request of such magnitude when contrasted with the lack of complexity of the present case and the relatively short time between the filing of the complaint and a negotiated settlement in principle.

### Incentive Award

Plaintiff's counsel requests that the Court approve the payment of an incentive award for Plaintiff Carlson in the amount of $7,500. Incentive awards are an appropriate means for encouraging individuals to undertake the responsibility of representative lawsuits. *Id.* at 468. "Courts 'routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation.'" *Id.* (quoting *In re Lorazepam & Clorazepate Antitrust Litig. v. Mylan Labs.*, 205 F.R.D. 369, 400 (D.D.C. Feb. 1, 2002)). Courts typically use the following factors when analyzing the appropriateness of an incentive award:

1) the risk to the class representative in commencing suit, both financial and otherwise; 2) the notoriety and personal difficulties encountered by the class representative; 3) the amount of time and effort spent by the class representative; 4) the duration of the litigation and; 5) the personal benefit (or lack thereof) enjoyed by the class representative as a result of the litigation.

*Swack v. Credit Suisse First Boston, LLC*, No. 02-11943-DPW, 2006 U.S. Dist. LEXIS 75470, at *11-12 (D. Mass. Oct. 4, 2006).

Giving careful consideration to these factors, the Court **Grants** the request for an incentive award in the amount of $7500.00 because Plaintiff Carlson was an active participant in the litigation.

### Costs & Expenses

Plaintiff's counsel also requests reimbursement for expenses totaling $6,935.96 incurred during litigation. The listed expenses include costs associated with mediation, travel expenses, filing fees, and postage. The Court finds all these expenses reasonable and **GRANTS** the request. The Court is cognizant that Plaintiff's counsel's fee award request was inclusive of both attorneys' fees and expenses. Because the Court rejected the proposed one-third fee award request and included expenses, the Court orders the expenses to be paid from the settlement fund separately from the fee award.

### Order

Plaintiff's Motion for Final Approval of Class Action Settlement is **GRANTED** and the Court hereby **CERTIFIES** the settlement class. Plaintiff's Motion for Attorneys' Fees and Expenses and an Incentive Award to the Named Plaintiff is **GRANTED** in part and **DENIED** in part. The Court awards Plaintiff's counsel 23% of the total value of the settlement fund, $523,250.00. The Court **GRANTS** the request for an incentive award to Plaintiff Carlson in the amount of $7,500.00 and **GRANTS** the request for expenses in the amount of $6,935.96.

**IT IS SO ORDERED.**

    /s/Timothy S. Hillman
**TIMOTHY S. HILLMAN**
**DISTRICT JUDGE**